IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BUNCH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | No. 2:08-cv-487 |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |

**MEMORANDUM RE: SOCIAL SECURITY APPEAL**

**Baylson, J.**                                                                                    **November 26, 2008**

Plaintiff, Jeffrey Bunch ("Bunch," "Plaintiff") seeks judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner," "Defendant") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383(c) (2000). Jurisdiction is established under 42 U.S.C. § 405(g). For the reasons that follow, the Court will reverse the decision of the Commissioner and remand the case for additional proceedings consistent with this opinion.

**I.    Procedural History**

Bunch protectively filed applications for SSI and SSD benefits on November 16, 2005. (R. 61, 206). The Commissioner issued initial denials of Bunch's applications on March 15, 2006 after determining that Bunch's impairments were not severe enough to render him disabled. (R. 53, 213). Bunch, not represented by counsel, then filed a timely request for a hearing before an Administrative Law Judge (hereinafter "ALJ"), which the Commissioner received on May 25,

2006. (R. 57). The hearing was held before the ALJ, Christine McCafferty, on September 19, 2007. (R. 227). The hearing was also attended by Bunch, his newly appointed counsel, and a vocational expert. (R. 227). On September 28, 2007, the ALJ rendered her decision, finding that Bunch was not disabled. (R. 18-30). Bunch then filed a timely appeal with the Appeals Council on October 30, 2007. (R. 11). On December 13, 2007, the Appeals Council determined that there was no reason to review the decision of the ALJ. (R. 12). After receiving additional evidence relevant to Bunch's appeal (R. 8), the Appeals Council set aside its prior decision but again determined that there was no reason to review the decision of the ALJ (R. 5). Bunch subsequently filed a complaint in this Court seeking judicial review of the Commissioner's decision on February 19, 2008. (Doc. 3). Plaintiff and Defendant then filed cross-motions for summary judgment (Doc. 7, 8), which are presently before this Court.

## II.     Jurisdiction and Standard of Review

The Social Security Act provides for judicial review by this Court of any "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. § 405(g) (2000).

On judicial review of the decision, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." Id. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). In reviewing the record for substantial evidence, however, this Court must "not 'weigh the evidence or substitute [its own] conclusions for those of the fact finder.'" Rutherford, 399 F.3d at 552 (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

As for the legal standards applied by the ALJ, this Court's review is plenary. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005).

**III.   Discussion**

Bunch argues that the ALJ erred at several points in the disability claims analysis[1]:  (1) denying Bunch's request for an IQ examination without advance notice; (2) failing to weigh the significance of Bunch's California Academic Achievement test scores; (3) while appropriately concluding that Bunch's mental impairment was severe, failing to find that it restricted his work ability to a greater extent; (4) failing appropriately to consider how Bunch's pace problems impacted his work abilities; (5) rejecting the State Agency examining physician's conclusion that Bunch was disabled; (6) concluding that the Commissioner satisfied his burden at Step 5 of the analysis by relying on a faulty hypothetical to the vocational expert; and (7) failing to properly apply the Social Security obesity guidelines to Bunch.

    **A.   Evidence Re:  Bunch's Mental Status and Intelligence**

Bunch first contends that the ALJ erred by denying Bunch's request for an IQ examination and that the denial prejudiced Bunch at the hearing.  In the ALJ's opinion, she noted:

> The claimant's representative offered the opinion that the claimant suffers from mental retardation.  The representative stated that the claimant cannot read or write and that the criteria of Listing 12.05 may be met in this case.  The representative requested that a consultative examination with IQ testing be done.  The undersigned [ALJ] has denied the representative's request.

---

[1] Bunch's objections have been reordered for organizational purposes.

(R. 20). Bunch also notes that he previously argued to the ALJ at the hearing that he may have, in the alternative, at least a learning disorder. (R. 231).

In certain cases, ALJs have the ability to request a consultative examination where the information she needs to make a disability determination is not "readily available from the records." 20 C.F.R. § 416.912(f); 20 C.F.R. § 416.919a(a)(1).

In denying Bunch's request, the ALJ noted that the record included "written information provided by the claimant with his signature" and that, during Bunch's initial filing of the claim, "he was observed to be able to read and write with no problems." (R. 21).[2] The ALJ also recognized Bunch's test results during school, but insisted that they "do not indicate the existence of mental retardation." (Id.) Finally, the ALJ also noted that Bunch had been transferred to a special school for behavioral issues, not mental retardation. (Id.)

First, the ALJ's observation that each of the forms that Bunch completed for the Agency bore his writing and signature, indicating that he did not have a problem reading or writing, is incorrect. The first two forms submitted by Bunch were electronic applications, which are ambiguous as to whether Bunch completed it; but it is clear that the applications do not contain Bunch's signature. (R. 61-63, 72-79). The next form (R. 83-91), which does contain handwriting, states that it was completed by "T. Norris" on behalf of Bunch (R. 91). Finally, Bunch's "Disability Report - Appeal" also states that it was filled out by someone on behalf of Bunch. (R. 98).

---

[2] In support of her conclusion, the ALJ cites Exhibits 1E - 4E. (R. 21). The corresponding citation for the record is (R. 72-98), as the stamp markings on those pages indicate. See (R. 72-79) (Exhibit 1E); (R. 80-82) (Exhibit 2E); (R. 83-91) (Exhibit 3E); (R. 92-98) (Exhibit 4E).

Second, while the ALJ correctly noted that the "Disability Report - Field Office" does indicate that the Agency's representative observed Bunch to not have any difficulties with either reading or writing (R. 81), the representative did not describe the basis for the findings, the amount of writing, or the amount of reading the ALJ observed Bunch completing.  Next, the ALJ concluded that, while Bunch's school test results were low, they do not indicate the existence of mental retardation.  (R. 21).  While the ALJ is correct to assert that the test results are not conclusive on the issue of mental retardation or a learning disability, they do however raise a question concerning Bunch's mental abilities.  Finally, the ALJ relied on Bunch's statement that, while he was in school, he attended a special education program for behavioral purposes, not for academic achievement purposes.  (R. 21, 251-52).  During the hearing, the ALJ did not ask whether any of the schools that Bunch attended were for special education.  Instead, the ALJ seemed satisfied with discovering that Bunch attended a disciplinary school without delving deeper into any educational problems.

A review of the record indicates that Bunch's medical history was incomplete as it relates to his intellectual abilities.  Both his academic achievement scores, his inability to complete the disability forms on his own, and his testimony during the hearing indicate that Bunch's mental impairments may be more severe than what the ALJ found.  The ALJ even appeared to acknowledge that the medical evidence at hand was insufficient or ambiguous on its own to answer the crucial issues:  whether Bunch's intellectual abilities were consistent with severe mental retardation or a learning disorder.  (R. 21).  As such, the ALJ should have inquired further, perhaps by requesting a CE with an IQ test, to determine the extent and nature of Bunch's mental abilities.

### B. ALJ's Consideration of "Pace"

Next, Bunch contends that the ALJ erred by improperly analyzing and considering Bunch's pace,[3] as directed by the Third Circuit in Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004). In the ALJ's opinion, she found that Bunch, "[a]fter considering all of the evidence of record and the claimant's testimony . . . [had] moderate[4] difficulties with regard to concentration, persistence or pace." (R. 22). And at the end of her opinion, the ALJ also relied on the opinion of the vocational expert that Bunch was able to make "a successful adjustment to other jobs that exist in significant numbers in the national economy." (R. 29, 265). However, the ALJ failed to include her finding of difficulty with pace in the hypothetical to the vocational expert. (R. 264).

The ALJ's failure to provide the details of Bunch's problems with concentration, persistence, or pace in the hypothetical to the vocational expert was done in violation of Ramirez. The failure to provide these details is also not harmless. In fact, the vocational expert explicitly

---

[3] An individual with difficulties of "pace" has trouble maintaining a consistent output or production. See Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004) ("Many employers require a certain output level from their employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time.").

[4] While the ALJ used the term "often" to describe the frequency of the problems with concentration, persistence, or pace in Ramirez, several opinions since Ramirez have dealt with ALJ findings of "moderate" problems with concentration, persistence, or pace. As those opinions recognize, the slight change in nomenclature does not circumvent Ramirez's requirement that the hypothetical provided to the vocational expert be accurate. See, e.g., Davis v. Astrue, Civ. A. No. 06-3550, 2007 WL 2248830, at *3-4 (E.D. Pa. July 30, 2007); Corona v. Barnhart, 431 F. Supp. 2d 506, 516 (E.D. Pa. 2006); Thompson v. Barnhart, Civ. A. No. 05-395, 2006 WL 709795, at *14-15 (E.D. Pa. Mar. 15, 2006); Barry v. Barnhart, Civ. A. No. 05-1825, 2006 WL 2818433, at *10 (E.D. Pa. Sep. 28, 2006); Colon v. Barnhart, 424 F. Supp. 2d 805, 814 (E.D. Pa. 2006).

indicated that the jobs he relied on in finding that Bunch could return to work were positions requiring consistency in performance. (R. 272).

In response, Defendant argues that the ALJ's failure to include these details does not require a remand for additional proceedings, as the ALJ found that Bunch had difficulty with concentration, persistence, <u>or</u> pace (not specifically pace) and that there is no medical evidence to support such a finding. The first of Defendant's arguments is easily dismissed, as the <u>Ramirez</u> holding was made on a similar finding of "deficiencies of concentration, persistence, or pace." 372 F.3d at 549. The second argument, though it requires some consideration, is also unsuccessful. First, the psychiatric records and even the conclusion of the ALJ indicate that Bunch is depressed and that his dialogue is "spontaneous." <u>See, e.g.</u>, (R. 160, 161). In addition, a review of Bunch's psychiatric records indicates that his attendance is highly erratic. (R. 160-65). The ALJ may have also considered Bunch's academic troubles and his daily activities at home as supportive of the finding. <u>See, e.g.</u>, (R. 248, 255-56). The ALJ's finding of moderate difficulty with concentration, persistence, or pace is supported by evidence on the record, and, because the ALJ failed to include that finding in the hypothetical to the vocational expert, the ALJ erred in relying on the vocational expert's findings to conclude that Bunch was not disabled.

        **C.**     **ALJ's Rejection of Garcia Opinion Without Sufficient Reason**

Next, Bunch contends that the ALJ's rejection of Dr. Garcia's conclusions (R. 113-21) concerning Bunch's residual functional capacity ("RFC") was in error. In her opinion, the ALJ considered the consultative physical examination of Dr. Laureano Garcia. The ALJ noted that the results of the physical examination conducted by Dr. Garcia generally indicated that Bunch had normal physical abilities; however, "[t]he examining physician also completed a medical

source statement in which he determined that the claimant was incapable of the full range of sedentary work." (R. 26) (citing Ex. 2F, which is located at R. 113-21). The ALJ found that:

> [t]his physician's opinion regarding the claimant's limitations is not supported by clinical and objective medical findings and is inconsistent with other substantial evidence in the record. The opinion seems to be based on the subjective reports from the claimant and not on the results of the physician's clinical examination. The undersigned has considered the opinion of the examining physician regarding the claimant's physical limitations but is not affording it any significant weight in this decision.

(R. 26).

"When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Cadillac v. Barnhart, 84 Fed. Appx. 163, 168 (3d Cir. 2003) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).

Dr. Garcia diagnosed Bunch with (1) chronic pain syndrome; (2) degenerative discogenic disease of the L2-L3, L3-L4, L4-L5, and L5-S1 with some lateral herniation in the disc L2-L3 and L5-S1, and moderate spinal stenosis at L5-S1; (3) degenerative joint disease; (4) depression with anxiety; (5) his involuntary movements, according to history of the patient in the upper extremities, is to be investigated; and (6) morbid obesity. (R. 116-17).

Defendant, in attacking Dr. Garcia's conclusions, essentially attempts to rule out an L2-L3 herniated disc and attempts to show that the L5-S1 herniated disc complication is not supported by the expected symptoms of such a condition. Even assuming Defendant is correct, however, that does not exclude the additional conditions that Dr. Garcia found in diagnosis (2), including degenerative discogenic disease and moderate spinal stenosis at L5-S1. The MRI (R. 147) and X-Ray of Bunch's spine were indicative of degenerative disc disease and spinal

stenosis.  See (R. 145-46, 147-48, 104).  In addition, the symptoms of such conditions include chronic or recurrent low back and leg pain.  See John W. Engstrom, Back and Neck Pain, in **Harrison's Principles of Internal Medicine**, ch. 16 (17th ed. 2008).

Defendant also contends that the ALJ acted within her discretion in rejecting Dr. Garcia's conclusions, as it was "inconsistent with other substantial evidence in the record." (R. 26).  Defendant identifies the findings of a non-examining physician, Dr. Popielarski (R. 136-43), as the substantial evidence in conflict with Dr. Garcia's findings on disability.  (Def.'s Resp. Opp'n Pl.'s Mot. Summ. J. at 15).  However, the ALJ's opinion explicitly discounts Dr. Popielarski's findings, stating that "he did not have access to all of the medical evidence now in the record and never had the opportunity to personally observe and hear from the claimant." (R. 28) (referring to the State Agency medical consultant at Ex. 4F, which is located at R. 136-43).  The ALJ therefore found limitations beyond those found by Dr. Popielarski, "which further narrows [sic] the range of light level work the claimant can perform." (Id.)  The evidence that Defendant uses (Dr. Popielarski's comments and findings) to support the ALJ's rejection of Dr. Garcia's findings was rejected by the ALJ herself and is insufficient to support the rejection of Dr. Garcia's findings.  On the basis of this evidence, it was improper for the ALJ to reject Dr. Garcia's conclusions.[5]

---

[5] It is also relevant to note that Dr. Kumar, one of Bunch's treating physicians, indicated that Bunch was temporarily disabled from October 18, 2005 until March 31, 2006.  (R. 112). This conclusion certainly heightens the suspicion concerning Bunch's physical abilities.  The ALJ on remand may also decide to explore this opinion regarding Bunch's temporary disability by providing an independent medical examination ("IME").

      **D.**      **ALJ's Failure to Mention Impact of Obesity**

      Finally, Bunch objects to the ALJ's failure to explicitly consider Bunch's obesity and how that impacts his residual functional capacity. As both parties recognize, an ALJ must consider a claimant's obesity during the disability analysis. See Jones v. Astrue, 570 F. Supp. 2d 708, 714 (E.D. Pa. 2007). The Third Circuit has held that the failure to explicitly consider obesity during the disability analysis does not, by itself, require reversal. Rutherford v. Barnhart, 399 F.3d 546 (3d Cir. 2005). However, as this matter requires remand for additional consideration for other reasons, the ALJ may decide to follow the Agency regulations requiring her to consider obesity during the disability analysis.

      Based upon the foregoing rulings, Bunch's remaining objections are moot.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BUNCH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | No. 2:08-cv-487 |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | | |

**<u>ORDER</u>**

AND NOW, this 26th day of November, 2008, upon careful and independent consideration of Plaintiff Jeffrey Bunch's Motion for Summary Judgment, Defendant's Cross-Motion for Summary Judgment, and review of the record, it is hereby ORDERED that:

(1)   Plaintiff's Motion for Summary Judgment (Doc No. 7) is GRANTED;

(2)   Defendant's Cross-Motion for Summary Judgment (Doc. No. 8) is DENIED;

(3)   The case is remanded for further administrative proceedings not inconsistent with this opinion pursuant to the fourth sentence of 42 U.S.C. § 405(g); and

(4)   The clerk shall mark this case CLOSED for statistical purposes.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Bunch v. Astrue 08-487 Memo.wpd